UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:97-CR-00024-TBR
(CIVIL ACTION NO. 3:01-CV-00605-TBR)

UNITED STATES OF AMERICA                                    Respondent/Plaintiff

v.

JAMES D. MARKS                                                  Movant/Defendant


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Movant/Defendant James D. Marks' "Motion Under Rule 12 of the Rules Governing Section 2255 Proceedings to Reopen Section 2255 Proceedings," which was filed on August 21, 2013. (Docket No. 498.) For the following reasons, Marks' Motion will be DENIED.

BACKGROUND

In 1998, a jury convicted Marks of committing armed bank robbery and using firearms in connection with those robberies, and Marks was sentenced to a term of 116 years of imprisonment. On appeal, the Sixth Circuit affirmed Marks' conviction and sentence in a detailed written opinion. *United States v. Marks*, 209 F.3d 577 (6th Cir. 2000). The Supreme Court denied Marks' petition for writ of certiorari in October 2000. *Marks v. United States*, 121 S. Ct. 195 (2000).

In December 2001, Marks filed a motion to vacate pursuant to 28 U.S.C. § 2255. On July 12, 2002, this Court denied Marks' § 2255 motion as without merit and denied Marks a certificate of appealability. Then in August 2004, Marks filed a motion to

dismiss the indictment, which this Court transferred to the Sixth Circuit. The Sixth Circuit rejected Marks' arguments for permission to file a second or successive § 2255 motion in May 2005. (*See* Docket No. 432.)

DISCUSSION

In his instant Motion, Marks makes a single claim for relief, arguing that this Court failed to apply the statutory standards set forth in § 2255(a) to his claims. (Docket No. 498, at 2.) The "Argument" section of Marks' Motion states, in full:

> The District Court erred when it failed to identify and apply one of 2255(a)'s Statutory Standards in analyzing Movant['s] claim. Movant seeked [sic] relief under the more generous standard of 2255(a) claiming the right to be released upon the ground that his sentence was imposed in violation of the constitution and laws of the United States. (See Movant's Section 2255 Motion). The District Court failed to apply this standard to Movant's claims and failed to make this initial inquiry before finding that Movant was not entitled to 2255 relief. Movant['s] claims fall squarely within this specified ground of the statute and Movant met this burden of showing that his sentence was unlawful on that ground. Furthermore the District Court failed to set forth a basic framework for review nor indicated what legal standard applied, nor what governing standard of review it was applying.

(Docket No. 498, at 3.) Marks makes no specific claim beyond that set forth above.

Marks' instant Motion seeks relief pursuant to Fed. R. Civ. P. 60(b). Although Rule 60(b) cannot be used in a criminal proceeding, under certain circumstances it can be used to challenge a civil motion to vacate, set aside, or correct sentence pursuant to § 2255. When addressing a Rule 60(b) motion with regard to a movant's § 2255 case, a district court has two options. One, the Court may determine that the motion is a proper Rule 60(b) motion if it attacks "some defect in the integrity of [the § 2255 proceedings],"

in which case the Court may proceed to rule on the motion. *United States v. Moon*, 527 F. App'x 473, 475 (6th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Alternatively, the Court may determine that the motion is actually a second or successive § 2255 motion and transfer it to the court of appeals. *Id.* (citing *In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007)). A motion that "seeks to add a new ground for relief" or that attacks the district court's previous resolution of a claim on the merits is effectively a motion to vacate, set aside, or correct the sentence and, as such, should be considered a § 2255 motion. *In re Nailor*, 487 F.3d at 1022 (discussing *Gonzales*, 545 U.S. at 532).

It is not entirely clear whether Marks' instant Motion is an attempt to file a proper Rule 60(b) motion or a second or successive § 2255 motion. Marks' instant Motion does not appear to add any new grounds for relief or to challenge the Court's previous resolution of his claim on the merits. *See In re Nailor*, 487 F.3d at 1021 (discussing *Gonzales*, 545 U.S. at 532). Regardless whether Marks' Motion is treated as one under Rule 60(b) or as a second or successive § 2255 motion, it must be denied.

In construing Marks' Motion as a proper Rule 60(b) motion, the Court finds that it is untimely because it was filed more than 11 years after this Court's judgment—a delay for which Marks offers no explanation—and because Marks has not otherwise demonstrated extraordinary circumstances. *See* Fed. R. Civ. P. 60(b), (c) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment . . . ."); *Gonzales*, 545 U.S. at 535 ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.")

Moreover, before a second or successive § 2255 motion is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); *see also In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) ("Inmates who wish to file a second or successive motion to vacate sentence should first file a motion in [the Sixth Circuit] requesting permission under 28 U.S.C. §§ 2244, 2255, regardless of when the first motion to vacate sentence was filed."). Because Marks has not obtained (and, indeed, has been denied) permission from the Sixth Circuit to file a second or successive § 2255 motion with respect to the constitutional arguments he presently raises, this Court will not construe his Rule 60(b) motion as a § 2255 motion. *See Aguon v. United States*, 2012 WL 601456, at *2 (W.D. Ky. Feb. 23, 2012) (declining to construe Marks' codefendant's Rule 60(b) motion as a § 2255 motion where he had not obtained permission from the Sixth Circuit to file a second or successive § 2255 motion, despite finding that "his Rule 60(b) motion is effectively a § 2255 motion"); *see also In re Aguon*, No. 13-5325, slip op. at 1-2 (6th Cir. Nov. 6, 2013) (noting this Court's denial of Marks' codefendant's Rule 60(b) motion and proceeding to deny him leave to file second or successive § 2255 motion).

Finally, before Marks may appeal this Court's decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, the

showing required to satisfy § 2253(c) is straightforward: The [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. However, "[w]hen the district court denies a [motion] on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Having reviewed Marks' instant Motion, the Court is satisfied that jurists of reason would not find the Court's decision to deny the Motion to be debatable or wrong. Therefore, a COA will be denied.

## CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Movant/Defendant James Marks' Rule 60(b) Motion, (Docket No. 498), is DENIED.

Furthermore, because the Court is satisfied that no jurists of reason would find its decision to deny Marks' Rule 60(b) Motion to be debatable or wrong;

IT IS HEREBY FURTHER ORDERED that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED.

Date:

cc:    James D. Marks, *pro se*
        AUSA