**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:97-CR-00024-TBR-2**

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

**v.**

**JAMES D. MARKS (2)**                                                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant James D. Marks's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i). [DN 581]. The United States responded. [DN 598]. Defendant replied. [DN 609]. As such, this matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

**I.**     **Background**

In 1998, a jury convicted Marks of six counts of aiding and abetting and six counts of placing a life in jeopardy during a bank robbery, as well as eight counts of carrying a firearm during a crime of violence. [DN 259; DN 598]. Marks was sentenced to a term of 1875-months imprisonment which was later corrected and reduced to 1395 months. *United States v. Marks*, 209 F.3d 577, 581 (6th Cir. 2000). Marks appealed his convictions, and the Sixth Circuit affirmed the decision of the district court. *Id.* [DN 361]. His petition for a writ of certiorari was denied by the Supreme Court. [DN 369]. Marks filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in December 2001, which was dismissed as without merit, and a certificate of appealability was denied. [DN 399; DN 417]. In August 2004, Marks filed a motion to dismiss the indictment or correct the illegal sentence which was transferred to the Sixth Circuit

1

and ultimately denied. [DN 432]. In August 2013, Marks filed a motion to reopen the "Section 2255 Proceedings." [DN 498]. The Court did not construe the motion as a § 2255 motion since Marks had not obtained permission from the Sixth Circuit to file a second or successive § 2255 motion with respect to the constitutional arguments he raised, and the Court denied the Rule 60(b) motion. [DN 500]. In June 2014, Marks filed additional § 2255 motions which the Sixth Circuit denied. [DN 520; DN 542; DN 550]. Thereafter, Marks filed motions requesting the Court to reduce his sentence which were also denied. [DN 524; DN 548]. The Defendant has now filed the instant motion, seeking relief under 18 U.S.C. § 3582(c)(1)(A)—The First Step Act. [DN 581].

**II.    Legal Standard**

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) In any case—

(A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*

(i)     extraordinary and compelling reasons warrant such a reduction ..."

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an

"applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### III. Discussion

#### A. Compassionate Release

##### 1. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d. 573, No. 1:13-CR-186-6, 2019 WL

2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On January 25, 2020, and again on July 7, 2020, Defendant sent a request to the Warden of his facility asking the BOP to move for a reduced sentence under 18 U.S.C. §3582(c)(1)(A). [DN 581]. The Warden failed to respond within thirty days. *Id.* The Government concedes that the administrative requirements have been met. [DN 598 at 6]. Accordingly, the Court finds that Defendant has properly exhausted his administrative remedies under the First Step Act.

### 2. Extraordinary and Compelling Reasons

In support of his request for compassionate release, Defendant primarily argues that (1) the length of sentence imposed in combination with Congress's reduced sentencing guidelines under 18 U.S.C. § 924(c), (2) his age at the time of conviction, and (3) his post-sentencing rehabilitation and "strong family support system awaiting his release" together constitute extraordinary and compelling reasons warranting relief. [DN 609]. Upon review, the Court finds that Defendant has failed to establish extraordinary and compelling reasons that warrant his release under 18 U.S.C. § 3582(c)(1)(A). Regardless, considering the totality of Defendant's circumstances, the Court finds that compassionate release would not be appropriate under 18 U.S.C. § 3553(a).

In 2018, Congress amended § 924(c) clarifying that repeat offenders are those with prior *final* convictions under the same subsection, not those with a "second or subsequent conviction." Pub. L. No. 115-391, 132 Stat. 5194. In effect, this means that the "stacking" of sentences for offenders without a final conviction would be reduced from twenty-five (25) years to as low as

five (5) years for each count. 18 U.S.C. § 924(c). Defendant argues that these reduced penalties create a disparity between his sentencing and what he would be sentenced if convicted today resulting in an extraordinary and compelling justification for compassionate release. [DN 581 at 11–13].

Defendant provided a plethora of citations, and supplemental authority, in support of this argument, but the Court must rely on the binding case precedent provided by the Sixth Circuit. In a series of recent cases, the Sixth Circuit has grappled with the idea of using sentencing disparities created by statutory changes as an "extraordinary and compelling" reason for a sentence reduction under § 3582(c)(1)(A). *See United States v. Tomes*, 990 F.3d 500 (6th Cir. 2021); *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021); *United States v. Wills*, 991 F.3d 720 (6th Cir. 2021); *United States v. Owens*, 996 F.3d 755 (6th Cir. 2021);[1] *United States v. Hunter*, No. 21-1275, 2021 WL 3855665 (6th Cir. Aug. 30, 2021). In the most recent decision by the Sixth Circuit on the matter, the Court held that "non-retroactive statutory reforms in the First Step Act of 2018—as a matter of law—cannot be used to find "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A)(i)." *Hunter*, No. 21-1275, 2021 WL 3855665, at *5 (citing *Jarvis*, 999 F.3d at 445-46; *Wills*, 991 F.3d at 723-24; *Tomes*, 990 F.3d at 505).

Section 403 of the First Step Act prohibits retroactivity by limiting applicability to sentences that had not yet been imposed at the time of enactment. [DN 598 at 3–4]; *see also*, Pub. L. No. 115-391, 132 Stat. 5194. As is the "ordinary practice" in federal sentencing "to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Wills*, 991 F.3d at 723-24 (quoting *Dorsey v. United States*, 567 U.S. 260, 280 (2012)).

---

[1] Defendant provides *Owens*, 996 F.3d 755 as a *Supplemental Authority in Support of* his Motion to Reduce Sentence, [DN 636], but the holding, regarding statutory sentence changes, has been overruled by *Hunter*, No. 21-1275, 2021 WL 3855665 at *5 n.4, which relied on two prior Sixth Circuit cases, *Jarvis* and *Tomes*.

The Sixth Circuit determined that what is considered an "ordinary practice" by the Supreme Court "cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *Hunter*, No. 21-1275, 2021 WL 3855665, at *5 (citing *Wills*, 991 F.3d at 724). "Since sentencing disparities are a natural result of the First Step Act, they are not an extraordinary and compelling reason for a sentence reduction." *Owens*, 996 F.3d at 765 (Thapar, J., dissenting). This means that courts cannot "treat the First Step Act's non-retroactive amendments, whether by themselves or together with other factors, as 'extraordinary and compelling' explanations for a sentencing reduction." *Jarvis*, 999 F.3d at 445. As the Sixth Circuit has made clear, § 3582(c)(1)(A) is not "an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Tomes*, 990 F.3d at 505. Because Marks was sentenced in 1998, prior to the First Step Act's reforms, and non-retroactive statute changes cannot be considered an "extraordinary and compelling" reason, Defendant's sentencing disparity does not weigh in favor of a reduced sentence. [DN 305].

Defendant further argues that his age at the time of sentencing should be a factor for consideration in early release. [DN 581 at 17]. This argument is problematic because his age, at the time of sentencing, was a known factor when he was sentenced. "Section 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'" *Hunter*, No. 21-1275, 2021 WL 3855665, at *9. The Sixth Circuit further explained, "[t]he problem with such an approach is that it renders the general rule of finality and the extraordinary-and-compelling-reasons requirement 'superfluous, void or insignificant.'" *Id.* (citing *Corley v. United States*, 556 U.S. 303, 314 (2009) (internal citations omitted)). This means that only post-sentencing factual developments that provide extraordinary and compelling reasons specific to the defendant may be considered for compassionate release under § 3582(c)(1)(A) "before a court is permitted to weigh (or revisit) the § 3553(a) factors." *Id.* (citing

*Setser v. United States*, 566 U.S. 231, 243 (2012) (explaining that § 3582(c)(1)(A) is triggered by "developments that take place after the [original] sentencing")). Further, the court has specifically stated that in order to receive compassionate release, the defendant must show that their "personal circumstances" have "changed so that the district court should weigh the § 3553(a) factors differently than it had at the original sentencing." *Id.*; *United States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021). Therefore, since Defendant's age was known during the original sentencing, it cannot now be considered an extraordinary and compelling reason to reduce his sentence.

Finally, Defendant emphasized his post-conviction rehabilitation record and strong family support system in support of his release. [DN 581 at 15–17]. Defendant provided a variety of letters written on his behalf as well as proof of his completion of a vast number of educational courses. [DN 581-1–581-6]. He has shown a true desire to improve himself in preparation for his release. However, "rehabilitation is specifically excluded as an independent basis for compassionate release." *United States v. Wieber*, 2020 WL 1492907 *3 (W.D. Ky. March 27, 2020). The Court applauds all the actions Marks has taken, but because he was unable to show an extraordinary and compelling reason for release, this motion must be denied.

### 3. 18 U.S.C. § 3553(a) Factors

Considering the totality of Defendant's circumstances, and the binding Sixth Circuit precedent, Defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not warranted. Nonetheless, even though the Court has found Defendant is not entitled to compassionate release, the Court will weigh the sentencing factors in § 3553(a). *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--

> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>
> (5) any pertinent policy statement ... by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. In the present case, the "nature and circumstances" of Defendant's crimes weigh heavily against relief. Defendant was convicted because of his involvement in six armed robberies each of which included the use of a firearm and the threatening of victims' lives. [DN 301 at 8–12]. Additionally, these convictions were not his first criminal offense. *Id.* at 19–22. Defendant had previously been charged with a variety of crimes, including multiple wanton endangerment charges, discharging a weapon, trafficking a controlled substance, and carrying a concealed weapon. *Id.* Though the sentencing guidelines have since been modified, this change does not apply retroactively, and Defendant has failed to provide an extraordinary or compelling reason to adjust his original sentence. The Court finds that releasing Defendant after serving only approximately twenty-four (24) or his 116 year sentence would minimize the seriousness of his crimes, fail to afford adequate deterrence to criminal conduct, and

would be unjust in light of the serious nature of his crimes. Accordingly, the Court finds that the nature and circumstances of the present offense and Defendant's history and characteristics do not support relief. Therefore, the Court must deny Defendant's motion.

## IV.   Conclusion

For the reasons state, **IT IS HEREBY ORDRED** that Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A), [DN 581], is **DENIED**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 4, 2021

cc: counsel

10