UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                          Plaintiff

v.                                                                          Criminal Action No. 3:97-cr-24-RGJ

JAMES D. MARKS                                                                                 Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant James D. Marks ("Marks") moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) due to his sentence being an unusually long, as well as personal rehabilitation, youth at the time of the offense, and family and community support. [DE 689]. The United States responded. [DE 705]. The matter is ripe for resolution on the merits. For the reasons below, Mark's Motion [DE 689] is **GRANTED in part**.

**I.       BACKGROUND**

In 1998 a jury convicted Marks of six-armed bank robberies and six counts of illegally possessing a firearm during the commission of those robberies in violation of 18 U.S.C. § 924(c). [DE 259]. Later that same year, the Honorable Thomas B. Russell sentenced Marks to 156 years' incarceration, which was later reduced to 116 years. [DE 305, Judgment; DE 322, Order Amending Sentence]. Marks' mandatory sentence for the stacked 924(c) counts was 105 years, and he received 11 years for his robbery convictions, for a total of 116 years incarceration. [DE 301, Presentence Investigation Report ("PSR"); DE 305; DE 322].

On appeal, the Sixth Circuit affirmed Marks' conviction and sentence in a detailed written opinion. *United States v. Marks*, 209 F.3d 577 (6th Cir. 2000). A previous pro se motion to reduce sentence was denied in 2015. [DE 521, DE 524]. Then, after passage of the First Step Act, Marks

filed another motion to reduce sentence arguing that the length of his sentence, age at time of conviction, rehabilitation, and family support, demonstrate extraordinary and compelling circumstances to reduce his sentence. [DE 581].  That motion was also denied because the First Step Act does not apply retroactively and cannot constitute an extraordinary and compelling circumstance. [DE 642]. The court also found Marks' other bases for extraordinary and compelling circumstances without merit, and that regardless, the factors under 18 U.S.C. § 3553(a) would not support release. [DE 642 at 1621-23].

Marks now requests his sentence be reduced under 18 U.S.C. § 3582(c)(1)(A)(i).  [DE 689].  As grounds for his motion, Marks cites his sentence being unusually long, as well as personal rehabilitation, youth at the time of the offense, and family and community support. [*Id*.]. Marks is 48 years old and currently housed at Greenville FCI with a release date of April 9, 2096.  *See* https://www.bop.gov/inmateloc/ (last accessed February 3, 2025).  Marks has served over 27 years of hit sentence.

The United States objects to Marks' motion.  [DE 705].  The United States argues that the non-retroactive changes to the law under the First Step Act reducing lengths of sentences cannot be considered an extraordinary and compelling reason for sentence reduction under Sixth Circuit precedent.  [DE 705 at 2037].

## II.     ANALYSIS

### A.  Exhaustion of Administrative Remedies.

When considering a motion for compassionate release under § 3582(c)(1)(A), the Court determines as an initial matter whether the movant exhausted his administrative remedies. An inmate may seek compassionate release by the district court only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see generally United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024).[1] The exhaustion requirement is mandatory, and the Court is bound to enforce it when it is properly invoked by the government. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). It is the defendant's burden to show that he has exhausted his administrative remedies. *United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020).

The United States does not dispute that Marks exhausted his administrative remedies before filing the present motion by applying to the warden of his institution and requesting his sentence be reduced based on the length of his sentence and change in the law. [DE 705 at 3038]. The warden denied Marks' request. [*Id.*] As a result, Marks' administrative remedies are exhausted, and the Court turns to the merits of Marks' motion.

**B. Sixth Circuit "Three-Step Inquiry."**

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants that authority in certain limited circumstances. "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *United States v. Jones*, 980 F.3d

---

[1] Before the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the motion was filed by the director of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

1098, 1106 (6th Cir. 2020). That said, district courts must "supply specific factual reasons for their compassionate release decisions." *Id.* at 1101-02.

After addressing exhaustion, district courts apply a "three-step inquiry" in considering a compassionate-release motion filed under § 3582(c)(1). *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quotation omitted). Release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *McCall*, 56 F.4th at 1054 (quotations omitted). District courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking. *Elias*, 984 F.3d at 519.

The Sentencing Commission recently amended the compassionate-release policy statement to describe six categories of extraordinary and compelling reasons that individually, or in combination, may support compassionate release. The updated policy statements "provide[ ] a non-exhaustive list of various circumstances that either alone or in combination qualify as extraordinary and compelling reasons for a sentence reduction." *United States v. Whitworth*, No. 1:23-CR-561-4, 2023 WL 8190131, at *2 (N.D. Ohio Nov. 27, 2023). The categories are: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury;" (5) "other reasons" similar to those in (1)–(4); and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

The § 3553(a) factors to be considered include the prisoner's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and

circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a)(1)–(2)).

> Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions.

*United States v. Pooler*, No. 3:18-CR-00137, 2020 WL 7046964, at *5 (S.D. Ohio Dec. 1, 2020) (citing *Jones*, 980 F.3d at 1114; *United States v. Ruffin*, 978 F.3d 1000, 1008-09 (6th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"). But post-sentencing rehabilitation, standing alone, "does not rise to the level of an extraordinary and compelling reason for granting compassionate release." *United States v. Harper*, No. 22-1291, 2023 WL 10677931, at *3 (6th Cir. Dec. 12, 2023); *Jackson*, 2023 WL 9023349, at *2 (citing *Ruffin*, 978 F.3d at 1004).

The defendant bears the burden of establishing that he is entitled to a sentence reduction under 18 U.S.C. § 3582. *See United States v. Karr*, No. 6:17-CR-25-REW, 611 F.Supp.3d 395, 2020 WL 774363, at *6 (E.D. Ky. Feb. 18, 2020).

### 1. *Extraordinary And Compelling Justification For Compassionate Release and Consistency with United States Sentencing Policy Statement.*

a. <u>Unusually Long Sentence</u>

Marks first argues that he is serving an "unusually long sentence" because his 18 U.S.C.

§ 924(c) offences for possessing a firearm were "stacked" alongside his first felony conviction. The First Step Act eliminated the practice of stacking § 924(c) charges in a first offense; now, the imposition of stacked 20-year mandatory minimum sentences is only permitted "[i]n the case of a violation of [924(c)] that occurs after a prior conviction under this subsection has become final." 18 U.S.C. § 924(c); see also Pub. L. No. 115-391 § 403(a). The First Step Act, however, does not generally provide retroactive relief for those who were sentenced before its effective date. *See United States v. Richardson*, 948 F.3d 733, 748-49 (6th Cir. 2020).

In *United States v. McCall*, the Sixth Circuit considered whether nonretroactive changes might be considered "extraordinary and compelling circumstances." 56 F.4th at 1048-1055. Sitting *en banc*, the court held that "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis." *McCall*, 56 F.4th at 1065; *see generally United States v. Ruvalcaba*, 26 F. 4th 14, 27 (1st Cir. 2022) ("[I]f a district court were to reduce a sentence solely because . . . [a statute's] non-retroactive amendments would have lowered a defendant's sentence, it might be seen as substituting its own judgment on retroactivity for Congress's judgment."). In other words, Congress did not intend for those who had already been convicted of multiple offenses under § 924(c) to be resentenced under this change in law. However, *McCall* notes that the Sentencing Commission might amend its policy in the future, which it has now done as explained below. *McCall,* 56 F.4th at 1054, 1060, n. 3, n.5.[2]

Since *McCall*, the Sentencing Commission regained its quorum and issued, among other provisions, § 1B1.13(b)(6). Under U.S.S.G. § 1B1.13(b)(6), the United States Sentencing

---

[2] McCall noted that "Congress has delegated to the Commission the task of 'describ[ing] what should be considered extraordinary and compelling reasons . . . ' 28 U.S.C. § 994(t). Whether the Commission could issue a new policy statement that describes 'extraordinary and compelling reasons' in a way that is inconsistent with our interpretation of the statute's language is a question that we need not resolve in the absence of an applicable statement . . ." *McCall*, 56 F.4th at 1054, n.3.

6

Commission indicates that unusually long sentences can be considered extraordinary and compelling circumstances under the following conditions:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Thus, an extraordinary and compelling reason for a sentence reduction may exist where (1) a defendant has served 10 years of (2) an unusually long sentence and (3) a change in the law has produced a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" § 1B1.13(b)(6). If those items are met, the Court must give "full consideration of the defendant's individualized circumstances," as to whether they warrant a reduced sentence. § 1B1.13(b)(6).

In discussing the "unusually long sentence" the Sentencing Commission notes: "[D]ata show that between fiscal year 2013 and fiscal year 2022, fewer than 12 percent (11.5%) of all offenders were sentenced to a term of imprisonment of ten years or longer." U.S. Sent'g Comm'n, Amendments to the Sent'g Guidelines 60 (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last visited February 5, 2025). And while there is no set number or bright line rule for what constitutes an unusually long sentence, Courts have determined a sentence is "unusually long" where there is a "gross disparity" between the original sentence and what it would be today. In addition, the Court can consider what percentage of the overall sentence a certain charge comprises versus the proportion that charge would be if sentenced for the same crimes today. *See United States v. Ware*, 720 F. Supp. 3d 1351, 1363 (N.D. Ga. 2024) (finding

sentence unusually long where penalty for 924(c) charges originally accounted for 80% of the original sentence, but if sentenced today would only account for 25% of the sentence). Court have also considered data from the Sentencing Commission in determining a sentence is unusually long. *United States v. Allen*, 717 F. Supp. 3d 1308, 1317 (N.D. Ga. 2024) (discussing Judiciary Sentencing Information ("JSIN") data).

A gross sentencing disparity exists when such disparity is "glaringly noticeable." *Allen*, 2024 WL 631609, at *6 (noting that "[w]hat rises to the level of a 'gross disparity' is not strictly defined."). Courts in this district have found unusually long sentences extraordinary and compelling under the policy in § 1B1.13(b)(6). *See United States v. Cornell*, No. 1:03-CR-00431-2, 2024 WL 3532924, at *5 (N.D. Ohio July 25, 2024), on reconsideration in part, No. 1:03-CR-00431-2, 2024 WL 4142686 (N.D. Ohio Sept. 11, 2024) (Holding there is a gross disparity between life and 250 months, thus an unusually long sentence supported finding of extraordinary and compelling reasons to reduce sentence); *United States v. Bricker*, No. 1:05 CR 113, 2024 WL 934858, at *2 (N.D. Ohio Mar. 5, 2024) (finding a sixteen-year disparity between sentence in 2006 and the upper end of the sentence defendant would receive today an extraordinary and compelling reason justifying early release); *United States v. Brooks*, No. 3:07-CR-51-TAV-JEM-5, 2022 WL 17814192 (E.D. Tenn. Dec. 19, 2022) (reducing the defendant's sentence to time served even though the case was serious because the defendant's excessively long sentence from 924(c) stacking, age, and rehabilitation lessened the likelihood of reoffending).

And if the Court determines a compelling and extraordinary reason supports reducing Marks' sentence, its discretion is not constrained in fashioning the appropriate sentence, even by mandatory minimums. *See, e.g., Osman v. United States,* No. 10-CR-57, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("Simply put, compassionate release applies to all offenses and all

8

defendants. Accordingly, the Court has the authority to reduce a sentence below the mandatory minimum."); *United States v. Rollins*, 540 F. Supp. 3d 804, 814 (N.D. Ill. 2021) (noting that the government did not dispute that § 3582(c)(1)(A) "empowers the court to reduce a sentence below the applicable statutory minimum").

Here, assuming the above policy statement is controlling, there is no dispute that Marks has served over 27 years of his sentence, satisfying the 10-year requirement, and that there has been a change in the law under the First Step Act. [DE 706 at 2050]. The question is whether the change in law produced "a gross disparity between the sentence being served and the sentence" Marks would receive today. Marks argues these changes in the First Step Act as to stacking create a disparity between his sentence and what he would be sentenced if convicted today resulting in an extraordinary and compelling justification for compassionate release. [DE 689 at 1840].

When sentenced in 1998, Marks' six § 924(c) convictions were all adjudicated at once, and they mandated 105 years of Marks's 116-year sentence. The United States concedes that if Marks were sentenced today, he would be subject to a mandatory 30-year sentence for the § 924(c) convictions rather than the mandatory 105-year sentence he received in 1998. [DE 705 at 2050]. Today Marks would be still subject to the original sentence on the bank robbery convictions, which was a within guideline range sentence of 11 years. Today Marks would be subject to a 492 month or 41-year sentence, not a 116-year sentence. The sentence today would be 75 years less than in 1998. A 75-year difference in sentence amounts to a gross disparity under § 1B1.13(b)(6).

According to the JSIN data, during the last five fiscal years (FY2019-2023), there were 27 defendants whose primary guideline was §2B3.1 and who were convicted of at least one count of 18 U.S.C. § 924(c), with a Final Offense Level of 29 and a Criminal History Category of III, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 27

defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 186 month(s) or 15.5 years and the median length of imprisonment imposed was 180 month(s) or 15 years. However, the JSIN data does not appear to account for the number of 924(c) charges, only that was more than one.

In short, there is a 75-year different in Marks' original sentence and the one he would receive today based solely on the guidelines and mandatory minimums. The difference could potentially be greater in light of the above JSIN data. Thus, the Court finds Marks' unusually long sentence is grossly disparate, and now the Court addresses Marks' "individualized circumstances" below to determine whether they combined with his extraordinarily lengthy sentence warrant a reduced sentence.

      b.  <u>Age at the Time of the Offense</u>

Marks was just twenty years old at the time he committed these bank robberies. He submits his young age is an extraordinary and compelling justification for release. [DE 689 at 1844-45]. First, Marks' age was known to the sentencing court at the time of sentencing. [DE 301]. As such, Marks' young age at the time of committed these offenses is not a new development. The Sixth Circuit has held that facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction. *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) ("Facts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction."). Because Marks' age at the time of the offenses was known and considered by the Court, it does not alone justify early release. *Hunter*, 12 F.4th at 563 & n.3. Nonetheless, Marks' young age at the time of the offense may be considered in combination with other factors. *United States v. Bolden*, No. 3:98-CR-107-CRS, 2021 WL 2228060, at *6 (W.D. Ky. June 1, 2021) (reducing a

10

sentence based on defendant's "age at the time of his offense, his rehabilitation since being incarcerated, the incredible length of the mandatory-minimum sentence imposed, and the fact that, if sentenced today, he would not be subject to such a long term of imprisonment"); *United States v. Baker,* No. 10-20513, 2020 WL 4696594, at *4 (E.D. Mich. Aug. 13, 2020) (reducing a sentence based on defendant's "remarkable record of rehabilitation, his relative youth at the time of his offense, the length of his sentence, and the disparity between his sentence and those sentenced for similar crimes after the First Step Act"). As a result, the Court does consider this a factor supporting a sentence reduction in combination with his unusually long sentence.

      c. Family and Community Support

Marks argues that if released, he will have significant family and community support and attaches evidence of same in support. [DE 689-6, DE 689-7, DE 689-8, DE 689-9]. While Marks' community and family support are not an enumerated circumstance under U.S.S.G. § 1B1.13 that may quality standing alone as an extraordinary and compelling reason for release, his post-release plan and circumstances are an important consideration in combination with all circumstances considered. *See, e.g., United States v. Mack*, No. 2:98-CR-162, 2021 WL 1099595, at *4 (S.D. Ohio Mar. 23, 2021) (reducing a sentence based on a finding that defendant's rehabilitation, family and community support, and health conditions constitute extraordinary and compelling circumstances); *United States v. Walker*, No. 1:11 CR 270, 2019 WL 5268752, at *3 (N.D. Ohio Oct. 17, 2019) (reducing a sentence based in part on defendant's community support and stability offered by a job offer upon release).

      d. Rehabilitation

Marks submits his extensive rehabilitation and good disciplinary history are exceptional and compelling circumstances warranting release. [DE 689 at 1843]. While rehabilitation by itself

11

cannot serve as independent reason for compassionate release, it can be considered in concert with other circumstances. *Lawrence v. United States*, 570 F. Supp. 3d 524, 529 (W.D. Ky. 2021) ("rehabilitation is specifically excluded as an independent basis for compassionate release."); *United States v. Wieber*, Case No. 3:14-CR-74-TBR, 2020 WL 1492907, at *3 (W.D. Ky. Mar. 27, 2020) (collecting cases holding that rehabilitation is not a sufficient basis for compassionate release). Marks earned his GED in 2006, has completed 34 educational courses, and served in various work roles, including in the commissary and as a medical and a housing orderly. [*Id*.]. He has also trained to serve as a suicide companion and support to inmates who were placed on suicide watch. [*Id*.]. He has clearly shown a desire to improve himself in preparation for release. And his efforts have continued despite denials of past release motions. The Court acknowledges these efforts and commends his drive to pursue higher education, other laudable endeavors, and good disciplinary history. The Court applauds these actions, and they are another individualized circumstance that, considered in combination, support reducing Marks' sentence.

In short, Marks' unusually long sentence is grossly disparate when compared to the sentence he would receive today. This combined with his young age at the time of the offense, family and community support, and rehabilitative efforts, demonstrate extraordinary and compelling circumstances supporting reducing his sentence.

### 2. *Sentencing Objectives In 18 U.S.C. § 3553(a).*

This Court must also consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 2020 WL 6817488, at *11. Under § 3553(a), there are seven factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the kinds of sentence and the sentencing range; (5) any pertinent policy statement; (6) the need to

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C.S. § 3553. A court need not "specifically articulat[e]" every single Section 3553(a) factor in its analysis. *Jones*, 2020 WL 6817488, at *11. Instead, the record "as a whole" must confirm that the pertinent factors were considered by the court. *Id.* For a reviewing court, the record as a whole will constitute both the original sentencing proceeding and the compassionate release decision. *Id*. at *11–12.

Turning to the nature and circumstances of Marks' offenses, Marks' crimes involved robberies and possession of firearms, and the events included threatening of victims' lives. [DN 301, PSR, at 1595-99]. Marks was convicted of six armed robberies each of which included the use of a firearm and the threatening of victims' lives. [DE 301 at 1595-99]. While these crimes are serious, Marks' role in five of the six robberies was primarily as driver, taking his codefendants to and from the scenes of the robberies. [DE 301 at 1595-99]. During one of the robberies, Marks entered the bank and was unarmed. [DE 301 at 1599, ¶ 60]. Marks' crimes were serious but his role in the offenses weigh in favor of a reduction in sentence.

The court also considers the history and characteristics of the defendant. Before this case Marks had previously been charged with several crimes, including multiple wanton endangerment charges, discharging a weapon, trafficking a controlled substance, and carrying a concealed weapon. [DE 301 at 1606-09]. One of these charges involved menacing where Marks held a gun to the victim's head and threatened to kill the victim. [*Id*. at 1606, ¶ 138.]. Moreover, the charges of wanton endangerment, carrying a concealed weapon, and trafficking were pending at the time he committed the instant offence. [*Id*. at 1608, ¶ 144]. But, as discussed above, Marks has made significant rehabilitation efforts and these efforts have continued despite his past requests for

13

release being denied. His good disciplinary history over the course of his 27 years in prison are further evidence of rehabilitation. And evidence of a strong support system if released mitigate against a danger to the community. While Marks' criminal history is serious, danger to the community is tempered by his history of rehabilitation, and family and community support.

While the sentencing court reviewed these factors again in denying Marks' previous request for sentence reduction and concluded the § 3553(a) factors did not support release, it has been several years since that decision and Marks has continued to make personal progress despite his requests for release being denied. The sentencing court emphasized that Marks was involved in six armed robberies "each of which included the use a firearm and the threatening of victims' lives." [DE 642 at 1623]. While this is not incorrect, it does not address Marks' specific role in carrying out these crimes primarily as a driver, and that in the instance where he did enter a bank, he was unarmed.

The Court has considered the § 3553(a) factors and finds that they counsel for some amount of sentence reduction. The need to avoid sentence disparities coupled with other factors including Marks' rehabilitation and length of time served support a sentence reduction.

\* \* \*

For the reasons above and using the Sixth Circuit's standard of full discretion as explained in *Jones*, Marks has shown extraordinary or compelling reasons to alter his sentence. 2020 WL 6817488, at \*7-9. But a sentence of time served of 27 years is not appropriate. If sentenced today, Marks would be subject to a mandatory minimum of 30 years on the 924(c) charges. The guideline for his robbery convictions, which are to be served consecutive to his mandatory minimum for the gun violation, was 108 to 135 months. [DE 301 at 1611, ¶ 160]. Marks was sentenced to 11 years for his robbery convictions. [DE 305, 322]. That sentence was at the upper end of the guideline.

14

There is no argument that that guideline range would be different today and the sentencing the upper end of the guideline reflected the serious nature of the offenses, although JSIN data reveals average sentences for similar defendants in the 15-year range. Thus, considering all § 3553(a) factors, the JSIN data (as well as the fact that it does not consider the number of 924(c) charges which is significant here) and the other factors enumerated above, the Court concludes a sentence of 35 years is reasonable under the circumstances and complies with the objectives of § 3553(a). Thus, the Court will reduce Marks' sentence from 116 years to 35 years or 420 months.

### III.   CONCLUSION

Because Marks has satisfied his burden for sentence reduction for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Marks' Motion for to Reduce Sentence [DE 689] is **GRANTED in part** as set forth above. Marks' sentence is reduced from 116 years to 35 years or 420 months.

Rebecca Grady Jennings, District Judge
United States District Court

February 7, 2025