UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                           Plaintiff

v.                                                  Criminal Action No. 3:97-cr-24-RGJ

JAMES D. MARKS                                                     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

The United States of America ("United States") moves the Court to reconsider its order granting in part compassionate release to Defendant James D. Marks ("Marks") under 18 U.S.C. § 3582(c)(1)(A)(i).  [DE 752].  Marks responded [DE 755]. The United States did not reply. The matter is ripe.  For the reasons below, the United States' motion [DE 752] is **GRANTED**.

The full background and analysis relevant to this motion was set forth in the Court's February 7, 2025, Memorandum Opinion and Order [DE 734] ("Order"), as well as the Court's April 24, 2025 Memorandum Opinion and Order [DE 751] ("Second Order"), and is incorporated here. The Court found extraordinary and compelling circumstances supporting a reduction of Marks's sentence based on his unusually long sentence, and then considering that in combination with his age at the time of the offense, family and community support, rehabilitation, and the other 3553(a) factors. [DE 734 at 2474; DE 751 at 2860-62].  On April 29, 2025, the United States moved the Court a second time to reconsider its opinion due to the Sixth Circuit's decision in *United States v. Bricker*, 135 F.4th 427, 450 (6th Cir. 2025) which held that U.S.S.G. § 1B1.13(b)(6) is invalid. Since then, the United States Supreme Court has ruled in *Rutherford v. United States* that when Congress declines to make a sentencing amendment retroactive, the resulting sentencing disparity cannot serve as an "extraordinary and compelling" reason that

1

warrants a sentence reduction under §3582(c)(1)(A)(i) and that the Sentencing Commission's policy statement U.S.S.G. § 1B1.13(b)(6) is invalid to the extent it counsels to the contrary. 146 S. Ct. 1320, 1335 (2026).  Thus, a district court may not consider disparities created by the created by the First Step Act's prospective changes in sentencing law when deciding if "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *Id.*

Because the Federal Rules of Criminal Procedure do not expressly provide for motions to reconsider, courts "rely on 'analogous precedent arising under the Federal Rules of Civil Procedure.'"  *United States v. Johnson*, No. 20-5873, 2022 WL 35406, at *5 (6th Cir. Jan. 3, 2022) (quoting *United States v. LaDeau*, 734 F.3d 561, 572 n.3 (6th Cir. 2013)).  Accordingly, "a motion for reconsideration may be granted when there has been '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"  *Id.* (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

Here, there has been an intervening change in controlling law under *Rutherford* and *Bricker.* Under those precedents, an unusually long sentence under § 1B1.13(b)(6) as a result of the First Step Act's prospective changes in sentencing law, may not be considered by the Court, as here, to find a sentencing disparity constituting an "extraordinary and compelling" reason that warrants a sentence reduction under §3582(c)(1)(A)(i). Thus, the Court must vacate its Order [DE 734] granting in part Marks's motion for compassionate release and reducing Marks's sentence from 116 years to 35 years.

Nor does Marks' young age at the time of the offense, combined with his other circumstances, amount to extraordinary and compelling reasons under § 1B1.13(b)(5) warranting a reduced sentence. As previously noted in the Order [DE 734], Marks' age was known to the sentencing court at the time of sentencing.  [DE 301]. The Sixth Circuit has held that facts that

existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction. *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) ("Facts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction."). Nor can Marks' rehabilitation by itself serve as independent reason for compassionate release. *Lawrence v. United States*, 570 F. Supp. 3d 524, 529 (W.D. Ky. 2021) ("rehabilitation is specifically excluded as an independent basis for compassionate release."). At the end of the day the disparity in the sentence was the driving force of the decision to find extraordinary circumstances warranting a sentence reduction. The degree to which any of these other reasons were given weight previously, that was in combination with the disparity and provided additional support for the reduction, along with balancing the 3553(a) sentencing factors.

For all the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the United States' motion to reconsider [DE 752] is **GRANTED**, the Court's Memorandum Opinion and Order [DE 734] reducing Marks' sentence from 116 years to 35 years or 420 months is **VACATED**, and Marks' Motion for Compassionate Release [DE 689] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

June 22, 2026

3